Filed 10/27/2017 9:55 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace, Deputy



CAUSE NO. 296,280-B

| | | |
|---|---|---|
| PORFIRIA LANDEROS<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 146TH JUDICIAL DISTRICT |
| JAMES H. CLARK & SON, INC. and<br>CHADWICK ORVILLE SMITH,<br>Defendants | §<br>§<br>§ | BELL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### A. Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure. Pursuant to TRCP 47, Plaintiff seeks damages of over $200,000.00 but not more than $1,000,000.00.

### B. Parties

2. Plaintiff, PORFIRIA LANDEROS, is a resident of and domiciled in Temple, Bell County, Texas.

3. Defendant JAMES H. CLARK & SON, INC., is a foreign corporation that does not maintain an agent for service of process in Texas and may be served by service upon its registered agent, GREGORY DEE MCCANDLESS, 663 WEST 4100 SOUTH, SALT LAKE CITY, UT 84123

4. Defendant, CHADWICK ORVILLE SMITH, is an individual whose last known home address is 347 South 400 East, Salt Lake City, UT 84111. Pursuant to Tex. Civ. Prac & Rem. Code Chap. 17, Subchapter D, service of Process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, Chadwick Orville Smith, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

Tryon D. Lewis, Chair
Texas Transportation Commission
125 East 11th Street
Austin, Texas 78701-2483

EXHIBIT B

Upon receipt, the Texas Transportation Commission shall forward a copy of the process to the nonresident motorist by registered or certified mail to:

Chadwick Orville Smith

347 South 400 East

Salt Lake City, UT 84111

Plaintiffs request that Citation be issued, and service will be affected via PRIVATE PROCESS.

### C. Jurisdiction, Venue & Damages

5. This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below. Accordingly, this Court has jurisdiction over this matter and Bell County is the proper venue as it is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

### D. Facts

6. Defendant James H. Clark & Son, Inc. is a trucking company that maintains its offices in Salt Lake City, Utah.

7. At all times material to this case, Defendant James H. Clark & Son, Inc. has been engaged in transportation in the United States, including in Texas.

8. Defendant Chadwick Orville Smith was an employee of Defendant James H. Clark & Son, Inc. on the date of the incident in question.

9. At all times material to this case, Chadwick Orville Smith was an agent, servant, and employee of Defendant James H. Clark & Son, Inc. and was at all times material herein, acting within the course and scope of such employment.

10. On December 8, 2015, Defendant James H. Clark & Son Inc.'s employee, Chadwick Orville Smith, was driving a 2014 Peterbilt truck on Wendland Road in Bell County, Texas. On that same date, Plaintiff was driving a 2000 Chevrolet C2500 pickup truck, set up as a food truck, on Wendland Road in Bell County, Texas. Defendant Chadwick Orville Smith, while in the course and scope of his employment with Defendant James H. Clark & Son, Inc.,

negligently and carelessly drove his truck into the rear of plaintiff's Chevrolet C2500 pickup truck. The rear-end collision, caused by the negligence of Defendant Smith, in the course and scope of his employment with Defendant Clark & Son, was the proximate cause of all injuries and damages complained of in this petition.

### E. Count 1 – Liability and Negligence of Defendants

11. Defendant James H. Clark & Son, Inc., was negligent in one or more of, but not limited to, the following respects:

    a. Failing to properly train Chadwick Orville Smith.

    b. Failing to properly qualify Chadwick Orville Smith for operation of a commercial vehicle on the roads of the State of Texas.

12. Defendant James H. Clark & Son, Inc. is liable in its individual capacity for its own negligent acts and is further liable under the doctrine of *Respondeat Superior* in that the negligence of Chadwick Orville Smith, acting within the course and scope of his employment, is imputed to his employer, James H. Clark & Son, Inc.

13. Defendant Chadwick Orville Smith, in the course and scope of his employment, was negligent in one or more of, but not limited to, the following respects:

    a. Failing to timely apply the brakes.

    b. Failing to maintain a proper lookout.

    c. Failing to maintain proper control of his vehicle.

    d. Failing to turn the vehicle to avoid the collision.

14. Defendant James H. Clark & Son, Inc. and Chadwick Orville Smith were each negligent and said negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

15. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

16. Exemplary damages: Plaintiff's injuries resulted from defendants' gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### F. Count 2 – Negligence Per Se

17. In the alternative or in addition to the other counts, Defendant Chadwick Orville Smith negligence described in Count 1 violated The Texas Transportation Code.

18. Specifically, defendant Chadwick Orville Smith violated:

   a. Texas Transportation Code section 545.351 in failing to control the speed of the vehicle he was driving

   b. Texas Transportation Code section 545.401 in driving his vehicle in a reckless manner.

19. The Texas Transportation Code is designed to protect a class of persons to which plaintiffs belong against the type of injury suffered by the named plaintiffs.

20. The Texas Transportation Code is of the type that imposes tort liability.

21. Defendant's violations of The Texas Transportation were without a legal excuse.

22. Defendant's breach of duty imposed by The Texas Transportation Code proximately caused injury to plaintiffs, which resulted in the following damages: neck pain, headaches, knee pain, right shoulder pain and back pain.

23. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

## G. Request for Disclosure

24. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## H. Causation and Damages

25. As the direct and proximate result of Defendants' negligence as set out above, Plaintiff has suffered both temporary and permanent injuries, including but not limited to the following elements:

   a. Physical pain, suffering, and discomfort in the past, and in reasonable probability, in the future;

   b. Loss of earnings in the past, and loss of earnings and earnings capacity in the future;

   c. Medical expenses in the past, and in reasonable probability, in the future;

    d.    Disfigurement in the past, and in reasonable probability, the future;

    e.    Impairment in the past, and in reasonable probability, the future

    f.    Mental anguish in the past, and in reasonable probability, the future

26.    Defendants' negligence was a proximate cause of Plaintiff to injury to her knee, including but not limited to a meniscal tear, necessitating steroid injections and possible future surgical intervention.

27.    Defendants' negligence also a proximate cause of Plaintiff's back and neck injuries, including an annular tear in her disc space, and other injuries to her spine.

28.    Pleaded additionally, and in the alternative, Defendants' negligence caused an aggravation of pre-existing conditions, including headaches, leg pain, back pain and neck pain. Specifically, Defendants' negligence was a proximate cause of incitement, aggravation, acceleration and exacerbation of pre-existing conditions, including but not limited to pre-existing, headaches, osteoarthritis and varicose vein pain.

29.    Plaintiff will show that her injuries will require, or that her treating physicians recommend, future surgery, including but not limited to knee, varicose vein and/or back repair surgeries.

30.    All other economic and non-economic damages cognizable under the law to which Plaintiff shows herself justly entitled through proof of damages.

### I. Prayer

31.    For these reasons, plaintiff asks that the court issue citation for defendants to appear and answer, and that plaintiff be awarded a judgment against defendants for the following:

    a.    Actual damages as set forth herein and under Texas law.

    b.    Exemplary damages.

    c.    Prejudgment and post-judgment interest.

    d.    Court costs.

    e.    All other relief to which plaintiff is entitled.

Respectfully submitted,

CAPPOLINO | DODD | KREBS, L. L. P.
3604 SW HK Dodgen Loop
Suite 104
Temple, Texas  76504
254.778.4357 – TELEPHONE
254.778.9191 – FACSIMILE
Email for service:
craig@craigbrownlaw.com
AND
sharon.cdk@gmail.com


By: ___/S/ Craig W. Brown_____
        Timothy R. Cappolino, PC
        State Bar No. 03779600
        Craig W. Brown, PC
        State Bar No. 24034343